FILED
 2009 Jan-21  PM 12:29
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

SHERRY L. PARSONS,              }
                                }
     Plaintiff,                  }
                                }       CIVIL ACTION NO.
v.                              }       08-AR-0275-S
                                }
MIQUEL A. QUINTANILLA, et       }
al.,                            }
                                }
     Defendants.                }
```

**MEMORANDUM OPINION AND ORDER**

A paper styled "Motion to Extend Discovery Deadlines" was filed on December 19, 2008. It was set for hearing on this court's regular motion docket on January 16, 2009. Because no party requested oral argument, the court is without input from the parties beyond what the motion itself contains, or fails to contain. The motion is fatally defective in several respects and will be denied for one or all of the reasons hereinafter discussed.

First, the motion begins with the words, "Comes[sic] the parties by and through their respective counsel . . . ." This language implies a **joint** motion, but it is signed only by counsel for the plaintiff. The court is left to doubt that any other party agrees to it.

Second, the certificate of service fails to certify that John C.S. Pierce, the only attorney who appears for defendants, Miquel A. Quintanilla, Marcos Augusto Hong, d/b/a Global Transport & Logistics, and Global Transport & Logistics, Inc. was notified.

For aught appearing, counsel for the main defendants was not made aware of the motion to which he is asserted to have agreed.

Third, the fact that plaintiff is "still actively received[sic] treatment", the alleged reason given for requesting an extension of the discovery deadline, does not, without more, constitute good cause for such an extension of discovery. There are many personal injury cases that go to trial while the plaintiff is still actively receiving treatment. Much more detail would be required in order to justify an extension. For instance, have defendants deposed plaintiff, and if not, why not? Has plaintiff deposed defendants, and, if not, why not? Has any party deposed a treating physician, and, if not, why not?

Fourth, the motion seeks an **open-ended** extension. It conspicuously fails to suggest new deadlines for the completion of discovery and for the filing of dispositive motions. If the court had used its rubber stamp "GRANTED" on the motion, nobody would know when to expect further action, either from the parties or from the court.

Plaintiff's motion is DENIED.

DONE this 21st day of January, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE